COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-101-CR

 

 

ROY
LYNN MERCER                                                             APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Roy Lynn Mercer of
aggravated assault with a deadly weapon, to wit: a club, and assessed his
punishment at forty years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  The trial court sentenced him
accordingly.  Appellant brings five
points on appeal, challenging the legal and factual sufficiency of the deadly
weapon proof and of the proof that he acted as a party rather than as a
principal and complaining that the application paragraph in the jury charge
allowed a non-unanimous verdict.  Because
the trial court did not err and the evidence is legally and factually
sufficient to support the verdict, we affirm the trial court=s
judgment.

The complainant, Michael Staton, lived at the
Economy Inn in Arlington, Texas.  One
evening, his former girlfriend, Jennifer Dupuy, and Appellant came to his suite
to visit him.  It was the first time that
Staton had seen Dupuy in about three years. 
Staton told Appellant and Dupuy that he would receive an inheritance
check soon.  Staton also showed them some
jewelry and baseball cards that he had collected.








A few days later, on May 14, 2007, at about 7:30
a.m., Appellant burst into Staton=s suite
and began hitting him with what Staton believed could have been a baseball
bat.  Out of the corner of his eye,
Staton could see Dupuy watching from a few feet away.  Staton began screaming, and then Dupuy began
to scream.  Staton grabbed a stun gun
that was on his desk, but Appellant continued to hit him, and he dropped the
stun gun.  At some point, Staton believed
that the object Appellant was hitting him with broke.  When Staton felt the object he was being hit
with break, Appellant and Dupuy ran away. 
Staton called the front desk for help. 
The paramedics arrived and treated him on the scene before he was
transported to the hospital.

Officer Amy Doyle spoke with Staton at the motel
and saw that he had a large laceration on his head that was bleeding.  She saw what she believed was the impression
of a two-by-four on his back.  She
testified without objection that she was afraid that Staton might die from his
injuries.  There was no indication,
however, that she had any medical training. 

Staton was taken to the emergency room of
Arlington Memorial Hospital, where he received further treatment, including
twenty-eight staples to close the cut on his head.  He was hospitalized for about three days.








In his first and second points, Appellant argues
that the evidence is legally and factually insufficient to prove not that he
committed the offense of aggravated assault but that another person committed
that offense and that Appellant was a party rather than a principal.  In his third point, Appellant argues that the
trial court reversibly erred by providing an application paragraph in the court=s charge
that permitted the jury to render a non-unanimous verdict and convict Appellant
either as a principal or as a party. 
Specifically, Appellant argues that, because the jury was charged
disjunctively, they could convict if they found that he had acted either as a
principal or as a party, although there is no evidence that he acted as a
party.  Consequently, he argues, we must
reverse his conviction.  Appellant does not,
however, provide any authority for this position, nor does he challenge his
conviction as a principal.

The law is well established that A[w]hen a
general verdict is returned and the evidence is sufficient to support a finding
under any of the paragraphs submitted, the verdict will be applied to the
paragraph finding support in the facts.A[2]  In the case now before this court, there is
no evidence that Appellant acted as a party to the actual assault, but the
evidence that he acted as a principal is unchallenged on appeal.  Additionally, the evidence that he acted as a
principal in the assault is overwhelming. 
We overrule Appellant=s first,
second, and third points.








In his fourth and fifth points, Appellant
challenges the legal and factual sufficiency of the evidence supporting the
deadly weapon finding.  A deadly weapon
is Aa
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury;
or . . . anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury.@[3]  The evidence shows that Staton was hit over
the head with what he believed was a baseball bat, that he bled profusely, and
that he had a large laceration on his head, requiring twenty-eight
staples.  The only other person who
testified besides Staton to the elements of the deadly weapon allegation was
Officer Doyle.  Although she was not qualified
as an expert, she was allowed to testify without objection that after the
attack, Staton was in shock; that she thought his injuries were very severe;
and, in response to a leading question, that she believed his injuries were
life-threatening.  She also testified
without objection that Awhen [she] first saw the injury
and the amount of blood that was lost, there was a lot of blood at the crime
scene, and [she] thought that he could possibly die from those injuries.  [She thought] because of his large stature,
though C.@  Appellant objected to further testimony about
stature and size.  The jury was allowed
to view photographs of Staton=s
injuries.

Not only was the club capable of causing serious
bodily injury, it actually caused serious bodily injury, that is, Abodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.@[4]  Applying the appropriate standard of review,[5]
we hold that the evidence is legally sufficient to support the deadly weapon
finding.  We overrule Appellant=s fourth
point.








The only evidence regarding whether the club was
deadly is the uncontradicted testimony of Officer Doyle.  There is no countervailing evidence that the
club was not a deadly weapon.  Nor are we
in a position to judge the credibility or demeanor of this witness.[6]  Her testimony was clear, unequivocal, and
based on her experiences as a police officer. 
The jury obviously found her testimony credible and relied on it in
determining their verdict.  Applying the
appropriate standard of review,[7]
we hold that the evidence is factually sufficient to support the deadly weapon
finding.  We overrule Appellant=s fifth
point.

Having overruled Appellant=s five
points, we affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]Manrique v. State, 994 S.W.2d 640, 642
(Tex. Crim. App. 1999).





[3]Tex. Penal Code Ann. ' 1.07(a)(17) (Vernon
2003).





[4]Id. ' 1.07(a)(46).





[5]See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007) (both providing standard of review for legal sufficiency).





[6]See Johnson v. State, 23 S.W.3d 1, 8, 9 (Tex.
Crim. App. 2000).





[7]See Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Lancon
v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson v. State,
204 S.W.3d 404, 414B15, 417 (Tex. Crim. App.
2006); Johnson, 23 S.W.3d at 8, 9, 12; Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).